**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117935

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ellen Blonder, individually and on behalf of all others similarly situated, <br><br>                    Plaintiff, <br><br>                    vs. <br><br> Central Credit Services LLC and Radius Global Solutions, LLC, <br><br>                    Defendants. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Ellen Blonder, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Central Credit Services LLC and Radius Global Solutions, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Ellen Blonder is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Central Credit Services LLC ("CCS"), is a Missouri Limited Liability Company with a principal place of business in Saint Charles County, Missouri.

8. On information and belief, Defendant Radius Global Solutions, LLC ("Radius"), is a Minnesota Limited Liability Company with a principal place of business in Hennepin County, Minnesota.

9. CCS was regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. On an exact date known only to Defendants, CCS merged with Radius, and the companies continued doing business as Radius.

11. Radius is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

13. Defendants allege Plaintiff owes a debt ("the Debt").

14. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

17. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated August 11, 2018. (**"Exhibit 1."**)

18. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

2

19. The Debt was accruing interest at the time it was with Defendant.

20. The Debt was accruing interest at the time of Defendant's letter.

21. Despite the debt being subject to interest, the Letter fails to include any safe harbor concerning such. *See Carlin v. Davidson Fink*, 852 F.3d 207, 216 (2d Cir. 2017); *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

22. The Letter fails to indicate the minimum amount Plaintiff owed at the time of receipt of the letters.

23. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of receipt of the Letter.

24. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

25. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

26. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

27. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of the interest that would cause the amount stated to increase.

28. The Letter fails to state what part of the amount stated is attributable to principal.

29. The Letter fails state what part of the amount stated is attributable to interest.

30. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

31. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any interest that may cause the amount stated to increase.

32. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

33. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

34. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

Barshay Sanders PLLC

35. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know that the interest would continue to accrue and that the amount of the debt was not static.

36. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

37. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

38. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

39. Because of the aforementioned failures, the least sophisticated consumer would likely be confused as to the amount of the debt.

40. Because of the aforementioned failures, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

41. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

42. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

43. Plaintiff seeks to certify a class of:

> All consumers to whom Defendants sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

44. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45. The Class consists of more than thirty-five persons.

46. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the

Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

d. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: August 8, 2019

                    **BARSHAY SANDERS, PLLC**

                    By:   */s/ Craig B. Sanders*
                    Craig B. Sanders, Esq.
                    100 Garden City Plaza, Suite 500
                    Garden City, New York 11530
                    Tel: (516) 203-7600
                    Fax: (516) 706-5055
                    csanders@barshaysanders.com
                    *Attorneys for Plaintiff*
                    Our File No.: 117935